UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 16 2011
Clerk, U.S. District and
Bankruptcy Courts

Bernard Levi,

    Plaintiff,

v.       Civil Action No. 11 2019

Richard Sarles et al.,

    Defendants.

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a District of Columbia resident. He sues the General Manager and Chief Executive Officer of the Washington Metropolitan Area Transit Authority ("WMATA") and the

Director of the National Park Service ("NPS") for "unfair hiring practices, selective hiring practices, nepotism and unfair business practice[s][.]" Compl. Caption. Plaintiff alleges that he applied for janitorial and maintenance positions with WMATA, apparently between April and July of 2011, *see* Compl. at 1, and for a maintenance position with the NPS "on or around the first week of June 2011." *Id.* at 3. On July 25, 2011, NPS informed plaintiff that "the application you submitted was incomplete" and that he "did not meet the 'Screen-out-Element' of the position." Compl. Ex. 3. Plaintiff alleges that he did not receive a response from WMATA, "but [he] has been informed by numerous individuals, some working for Metro, that Metro has hired and have been hiring for these positions through nepotism, and buddy-to-buddy system of who you know in the work place." Compl. at 2. Plaintiff seeks $400,000 in damages. *Id.* at 5.

Although plaintiff states the basis of jurisdiction as 28 U.S.C. § 1331, Compl. at 1, his generalized and conclusory accusations do not provide adequate notice of a claim "arising under the Constitution, laws, or treaties of the United States." *Id.*; *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C.

2

Cir. 1994)). Therefore, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Beryl A. Howell
United States District Judge

Date: November 7th, 2011